FILED BY ___ D.C.

05 JUL 29 PM 5:20

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Pyramex Safety Products, LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>Gloves, Inc. )<br>)<br>Defendant. ) | Civil Action No.: 05-2373-MaV<br>JURY DEMAND |

## CONSENT JUDGMENT

Upon agreement of the parties, as evidenced by the signatures of their counsel below, it is the Judgment of this Court:

1. Plaintiff Pyramex Safety Products, LLC, ("Pyramex") filed this action for patent infringement pursuant to 35 U.S.C. § 271 against Defendant Gloves, Inc. ("Gloves") on May 20, 2005.

2. This Court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has jurisdiction of the parties to this action.

4. On June 3, 2003, United States Design Patent No. D475394 (the "Patent") was issued for the ornamental design for eyeglasses, listing Shun-Tien Yang as the inventor and All-Logic Int. Co., Ltd. as the assignee ("All-Logic"). All-Logic is the current owner of all right, title and interest in and to the Patent. Pyramex is the exclusive licensee under the Patent to import, use, sell, and to bring legal actions for infringement of the Patent in the United States.

5. The Patent was duly and legally issued, is valid and is enforceable.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on  8-1-05

1



6. All-Logic and Pyramex have never licensed or permitted Gloves to practice any of the legal rights granted under the Patent.

7. Gloves has made, used, offered to sell, and/or sold within the United States and this judicial district, or imported into the United States eyeglasses that infringe the claims of the Patent under 35 U.S.C. § 271.

8. Gloves and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the Judgment by personal service or otherwise, are hereby permanently enjoined from committing further acts of infringement under 35 U.S.C. § 271 of the claims of the Patent pursuant to 35 U.S.C. § 283. Notwithstanding the above, Gloves shall have the right to sell its remaining inventory (consisting of 5,370 units) of the glasses in question, and such sale of the glasses in question, and advertisement of the glasses in question at Gloves' internet web site (through the earlier of December 31, 2005, or until such time as the remaining units are sold), shall not be considered a violation of the above injunction nor an infringement of the Patent.

IT IS SO ADJUDGED:  [signature]

United States District Judge
July 28, 2005

The undersigned agree to the entry of this judgment:

_____
Joel T. Galanter
James E. Gaylord
Adams and Reese/
Stokes Bartholomew LLP
424 Church Street, Suite 2800
Nashville, Tennessee 37219-2386
*Attorneys for Plaintiff*

_____
Thomas E. Kenney
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
*Attorneys for Defendant*

3

<80><80><80>

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02373 was distributed by fax, mail, or direct printing on August 1, 2005 to the parties listed.

---

Joel T. Galanter
STOKES BARTHOLOMEW EVANS & PETREE, P.A.
424 Church St.
Ste. 2800
Nashville, TN 37219--232

Honorable Samuel Mays
US DISTRICT COURT